Stanford Lee **PARKER**,
Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. C7–88–1227.

Supreme Court of Minnesota.

March 17, 1989.

Susan J. Andrews, Asst. State Public Defender, St. Paul, for appellant.

Thomas L. Johnson, Vernon E. Bergstrom, Therese Galatowitsch, Hennepin Co. Atty., Minneapolis, for respondent.

COYNE, Justice.

In *State v. Parker*, 353 N.W.2d 122 (Minn.1984), we affirmed the 1983 conviction of Stanford Lee Parker (hereafter "petitioner") of first-degree felony murder in the robbery and shooting death of Albert James. In 1988 petitioner, who is serving a life sentence, filed this petition for postconviction relief seeking a new trial on the basis of a recantation of trial testimony by Edward McConaughead, one of the state's witnesses at petitioner's trial. The district court, after conducting an evidentiary hearing, denied the petition. We affirm.

The evidence presented at petitioner's 1983 trial is summarized in detail in our earlier opinion. *Parker*, 353 N.W.2d at 123–27. Briefly, two men robbed James and his girl friend, Vinisha Gaines, early on February 15, 1982, outside Gaines' residence. James chased the two men toward a nearby tippling house. James was shot in the abdomen by one of the men and died of massive internal bleeding. Petitioner and two others, Calvin Daniels and George Moore, were charged in the killing. State's evidence at petitioner's separate trial included (a) testimony by Carlus Wilder that petitioner planned to rob James and asked Wilder to participate in the robbery, (b) a significant amount of testimony placing Moore's car at the scene of the crime, (c) testimony by McConaughead that he saw petitioner participating in the robbery, (d) evidence that petitioner, Daniels and Moore were together during the relevant time period, and (e) testimony by Joe Morgan and Terry Henderson that petitioner made self-incriminating statements to them shortly after the shooting and that petitioner asked them to provide an alibi for him.

At the postconviction hearing McConaughead asserted that he had wrongly identified petitioner. McConaughead testified that in December 1983, a month after the last codefendant's trial, he was at a gambling house when he saw a man who resembled petitioner and realized that that man, not petitioner, was the real murderer. He testified that that man was wearing the same coat and hat worn by the robber he identified as petitioner. McConaughead claimed that he talked with members of the Gaines family and others that night and that they confirmed that petitioner's look-alike—said to have come from Gary, Indiana—was the real killer.

In the memorandum accompanying the order denying postconviction relief, the postconviction court judge, who also presided at petitioner's trial, stated that McConaughead's testimony at the postconviction hearing was "simply too sketchy for this court to be reasonably certain it is genuine."

As we said recently in *State v. Erdman*, 422 N.W.2d 511, 512–13 (Minn.1988):

> The correct rule is, as we made clear in *State v. Caldwell*, 322 N.W.2d 574, 585 including at n. 8 (Minn.1982), that a defendant should be given a new trial on the basis of recantation of testimony by a material witness only if the trial court is reasonably satisfied that the testimony was false, that the party was taken by surprise by the testimony and was unable to meet it or did not know of its falsity until after the trial, and that the jury might have reached a different conclusion without the false testimony.

> As stated in 3 C. Wright, Federal Practice and Procedure: Criminal 2d, § 557.1 at 344 (1982), if the trial court finds that the recantation is not genuine, then the court does not even need to proceed to the issue of whether the jury might have

reached a different result without the witness' testimony.

■ Here, as in *Erdman,* the postconviction court was reasonably satisfied that the recantation was false. At trial McConaughead expressly stated that he did not remember what clothing the robber he identified as petitioner was wearing, but his recantation depended on a recollection of the clothing. McConaughead's trial testimony fit with other evidence overwhelmingly pointing to petitioner's guilt. Furthermore, McConaughead could not name at the postconviction hearing the Gaines family members with whom he claimed he spoke at the gambling house about the real murderer. Finally, as the postconviction court said, McConaughead's recantation was "sketchy."

■ Since the postconviction court's determination that the recantation was not genuine is justified by the evidence, we need not address the issue of whether a jury might have reached a different result without McConaughead's testimony. *See Erdman,* 422 N.W.2d at 513.

AFFIRMED.

KEITH, J., took no part.